COMBUSTION PRODUCTS
MANAGEMENT, INC.,
Plaintiff–Appellant,

v.

AES CORP. & AES–Puerto Rico,
L.P., Defendants–Appellees.

No. 06–3799–cv.

United States Court of Appeals,
Second Circuit.

Dec. 10, 2007.

Neil Wallace, Ithaca, New York, for Plaintiff–Appellant.

Robert A. Barrer, John D. Cook, Hiscock & Barclay, LLP, Syracuse, New York, for Defendants–Appellees.

PRESENT: Hon. CHESTER J. STRAUB, Hon. PETER W. HALL, Circuit Judges, Hon. CHARLES S. HAIGHT, JR., District Judge.*

* The Honorable Charles S. Haight, Jr., District Judge for the Southern District of New York, sitting by designation.

### SUMMARY ORDER

Plaintiff Combustion Products Management, Inc. ("CPM") appeals from a judgment in the United States District Court for the Northern District of New York (Norman A. Mordue, *Judge*). The District Court dismissed CPM's second amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to plead essential terms of the contract at issue. Thereafter, CPM failed to pay the partial attorney's fees and costs incurred by defendants AES Corp. and AES–Puerto Rico, L.P. (collectively, "AES"), the sole condition set by the District Court for CPM to file a third amended complaint. On appeal, CPM argues that the District Court erred in failing to accept the factual allegations in the second amended complaint as true and in concluding that CPM had failed to a state a claim to which it was entitled to relief. We assume the parties' familiarity with the underlying facts and procedural history in this case, and we affirm the judgment of the District Court for substantially the same reasons stated by the District Court.

In dismissing the second amended complaint, the District Court identified several key factual allegations set forth by CPM lacking in useful clarity. Specifically, CPM alleged that the trigger for AES's binding obligation to provide CPM ash was CPM's presentation of "permittable" options for disposing of such ash. In addition to the vagueness of what would constitute a "permittable" option, CPM does not appear to allege that any such option was ever presented to AES. Indeed, CPM alleges only that it presented "potential" options for ash disposal in St. Croix and St. Lucia. As the District Court observed, the allegations set forth in the second amended complaint do not specify AES's obligations to CPM. At various points,

CPM alleges that—once AES's obligations had been triggered—AES was obliged to provide ash to CPM, to give CPM six months to finalize whatever option had been agreed upon to dispose of such ash, and to give CPM six months to negotiate with AES about possible options.

Accepting all of CPM's factual allegations in its second amended complaint as true, the alleged contract between CPM and AES contained several internally inconsistent, contradictory and altogether vague terms about the key obligations of both CPM and AES. On appeal, CPM appears to argue that the District Court should have ignored such flaws in its allegations and refused to dismiss the complaint as long as there was at least a possible interpretation of those allegations that arguably gives rise to legal relief. To the contrary, in alleging facts (particularly for the third time) entitling it to such relief, it is CPM's responsibility to do so adequately such that a district court need not assume facts that have not been alleged. *See, e.g., Leibowitz v. Cornell Univ.*, 445 F.3d 586, 593 (2d Cir.2006) (affirming dismissal of implied-in-fact contract claim under Federal Rule of Civil Procedure 12(b)(6) where plaintiff failed to allege any mutual assent of the parties). Due to the inadequacy of the second amended complaint in alleging facts necessary to state a breach of contract claim, we cannot conclude that the District Court erred in dismissing the complaint.

In sum, we have considered all arguments presented by CPM in this appeal and find them to be without merit. For the foregoing reasons, we AFFIRM the judgment of the District Court.